IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| JENNIFER BENSON,   )<br>  )<br>   Movant,   )<br>   )<br>v.   )<br>   )<br>UNITED STATES OF AMERICA,   )<br>   )<br>   Respondent.   )  | Civil Action No. 2:19-00357<br>Criminal Action No. 2:17-00198 |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Document No. 370.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 372.)

## FACTUAL BACKGROUND

A.   **Criminal Action No. 2:17-00198:**

On February 12, 2018, Movant pled guilty to one count of Conspiracy to Distribute 100 Grams or More of Heroin in violation of 21 U.S.C. § 846. (Criminal Action No. 2:17-00198, Document Nos. 207, 224, and 225.) A Presentence Investigation Report was prepared. (Id., Document No. 283.) The District Court determined that Movant had a Base Offense Level of 30, and a Total Offense Level of 25, the Court having applied a two-level "safety valve" reduction pursuant to U.S.S.G. § 2D1.1(b)(17)[1] and a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b). (Id., Document No. 283 and 288.) The District Court

---

[1] Although Movant's conviction subjected her to a mandatory minimum of five (5) years imprisonment, the District Court determined that Movant qualified for safety valve treatment.

sentenced Movant on June 21, 2018, to serve a 71-month term of imprisonment, to be followed by a four-year term of supervised release. (Id., Document Nos. 281 and 286.) The District Court also imposed a $100 special assessment. (Id.) Movant did not appeal her conviction or sentence to the Fourth Circuit Court of Appeals.

**B.  Section 2255 Motion:**

On May 6, 2019, Movant, acting *pro se*, filed her instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum in Support.[2] (Civil No. 2:19-00357, Document Nos. 370 and 371.) As grounds for *habeas* relief, Movant argues as follows: (1) "Pursuant to Amendment 794 of the United States Sentencing Guidelines, the Court failed to consider [Movant] for a minor role reduction" (Id., Document No. 370, p. 4 and Document No. 371, pp. 1 – 7.); and (2) "Ineffective assistance of counsel when attorney, Lambert, did not object regarding the guideline calculations" (Id., Document No. 370, p. 5 and Document No. 371, pp. 7 – 8.).

**C.  Section 3582 Motion:**

On June 24, 2020, Movant filed a letter-form Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Criminal Action No. 2:17-00198, Document No. 420.) Specifically, Movant requested compassionate release based upon the COVID-19 pandemic. (Id.) By Memorandum Opinion and Order entered on June 25, 2020, the District Court determined that Movant had not exhausted her administrative remedies and denied Movant's Motion without prejudice. (Id., Document No. 421.)

---

[2] Because Movant is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

## DISCUSSION

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To succeed on a Section 2255 motion, the movant must prove that "[her] sentence or conviction was imposed in violation of the Constitution or law of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish [her] grounds by a preponderance of the evidence." Sutton v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006).

The filing of a Section 2255 motion does not supplant or obviate the need to file a direct appeal. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). The United States Supreme Court explains that "a final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). A non-constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion. Stone v. Powell, 428 U.S. 465, 478 fn. 10, 96 S.Ct. 3037, 3044 fn. 10, 49 L.Ed.2d 1067 (1976). A constitutional claim that could have been, but was

not, raised on direct appeal may not be raised for the first time in a Section 2255 motion unless the movant can show either (1) "cause and actual prejudice resulting from the errors of which he complains," or (2) "he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. at 493. Actual prejudice is shown by demonstrating that the error worked to movant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986)). "In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. Mikalajunas, 186 F.3d at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent. Id. at 494. The movant must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Furthermore, a movant may not reassert a claim decided on direct review. In Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), cert. denied, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. See Davis v. United States, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974).

1. **<u>Sentencing Error</u>:**

First, Movant argues that the District Court erred in failing to give her an offense level reduction under the Sentencing Guidelines based upon Amendment 794. (Civil Action No. 2:19-00357, Document No. 370, p. 4 and Document No. 371, pp. 1 – 7.) On November 1, 2015, the United States Sentencing Commission issued Amendment 794 to the commentary of U.S.S.G. § 3B1.2 after finding that minor role reductions were "applied inconsistently and more sparingly than the Commission intended." Amendment 794 clarified the requirements for reducing a defendant's Guideline offense level based upon his or her "minor" or "minimal" role in the offense under U.S.SG. § 3B1.2. In the instant case, Movant contends that she was entitled to a minor role reduction under Section 3B1.2. <u>See</u> U.S.S.G. § 3B1.2(b)(A defendant who is a "minor participant" in a criminal activity may have his offense level reduced by two levels); (Civil Action No. 2:19-00357, Document No. 371, pp. 1 – 7.) Specifically, Movant claims that the District Court failed to consider the "key changes" Amendment 794 made to the Guidelines commentary for Section 3B1.2. (<u>Id.</u>) Movant first notes that "the Commission clarified that whether 'a defendant performs an essential or indispensable role in the criminal activity is not determinative.'" (<u>Id.</u>) Second, Movant states that "the Commission clarified that a defendant should receive the reduction if she or he is 'substantially less culpable than the average participant in the criminal activity.'" (<u>Id.</u>) Finally, Movant states that "the Commission added five non-exhaustive factors that courts should consider when applying § 3B1.2." (<u>Id.</u>) Movant argues that the District Court failed to consider the five factors when determining whether she qualified for a minor role reduction. (<u>Id.</u>) Movant argues that the District Court was "confused" and "ignored addressing whether [she] was a minor participant." (<u>Id.</u>) Movant argues that her participation in the offense was limited to transporting drugs, her "role was very limited," "she was a latecomer to the criminal activity," and she "took

her directions from her co-defendant." (Id.) Movant contends that if the District Court would have properly considered "the five factors of Amendment 794, it would have found that [Movant] was a minor role participant in comparison to the other participants in the criminal activity." (Id.)

In her written plea agreement, Movant agreed to waive her right to appeal her conviction and sentence directly, with one exception. (Criminal No. 2:17-00198, Document No. 225, p. 5.) Under the plea agreement, Movant waived her right to appeal her sentence of imprisonment "so long as the sentence of imprisonment . . . [was] below or within the Sentencing Guideline range corresponding to offense level 32."[3] (Id.) Movant, however, agreed to waive her right to challenge her conviction and sentence under Section 2255, except on grounds of ineffective assistance of counsel. (Id.) It is well established that a defendant may waive her right to appeal or collaterally attack her conviction and sentence if the waiver was entered into knowingly and voluntarily. See United States v. Johnson, 410 F.3d 137 (4th Cir. 2005); United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). "To determine whether a waiver is knowing and intelligent, this court examines 'the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement.'" United States v. Johnson, 480 Fed.Appx. 229, 230 (4th Cir. 2012)(citation omitted). Generally, the waiver is valid and enforceable if a Court fully questions a defendant regarding the waiver of her right to appeal during the Rule 11 colloquy. Id.

The undersigned finds that Movant's plea agreement and appellate waiver were voluntary and intelligent. In her Motion, Movant does not argue that her waiver was made unknowingly or unintelligently. (Civil No. 2:19-00357, Document Nos. 370 and 371.) A review of the plea

---

[3] Movant's sentence was well below the Sentencing Guideline range corresponding to offense level 32 (121 to 151 months) and Movant did not file a direct appeal.

agreement further reveals that the waiver was clear and unambiguous. (Criminal Action No. 2:17-00198, Document No. 225.) Specifically, the plea agreement stated, in pertinent part, as follows:

> Ms. Benson knowingly and voluntarily waives the right to seek appellate review of her conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment, fine or term of supervised release is below or within the Sentencing Guideline range corresponding to offense level 32. The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is within or above the Sentencing Guideline range corresponding to offense level 29.
>
> Ms. Benson also knowingly and voluntarily waives the right to challenge her guilty plea and her conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.
>
> The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

(Id., p. 5.) The undersigned finds no indication that Movant did not understand the terms and consequences of signing the plea agreement. Considering Movant's educational background, the record reveals that Movant has a college education (an associate's degree). (Id., Document No. 283, p. 19.) During the Plea Hearing, the terms of the plea agreement were thoroughly reviewed with Movant and she acknowledged that she understood the terms and consequences of signing the plea agreement. (Id., Document No. 214.) Further, the District Court thoroughly explained the appellate waiver to Movant during the Rule 11 colloquy and Movant acknowledged that she understood and agreed to the waiver. (Id.) Based on the foregoing, the undersigned finds that Movant's appellate waiver is valid as it was entered into knowingly, intelligently, and voluntarily.

Although appellate waivers are valid, the Fourth Circuit has refused to enforce valid appellate waivers in a narrow class of claims. United States v. Jones, 538 Fed.Appx. 285, 287 (4th

Cir. 2013). Specifically, the Fourth Circuit has refused to enforce valid appellate waivers in following narrow class of claims: (1) A defendant's challenge to "a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race" (See United States v. Martin, 961 F.2d 493 (4th Cir. 1992)); (2) A defendant's challenge to a "sentence on the ground that the proceedings following entry of the guilty plea were conducted in violation of his Sixth Amendment right to counsel (See United States v. Attar, 38 F.3d. 727 (4th Cir. 1994); United States v. Johnson, 410 F.3d 137 (4th Cir. 2005)); and (3) The enforcement of the valid waiver would result in a miscarriage of justice (See Johnson, 410 F.3d at 151)). It is well recognized, however, that alleged errors in a district court's calculation of a petitioner's Guidelines range does not result in a sufficient miscarriage of justice unless the error causes the court to impose a sentence exceeding the statutory maximum. United States v. Foote, 784 F.3d 931, 939 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 284 (4th Cir. 1999). In Foote, the Fourth Circuit considered whether a petitioner's *habeas* challenge to his sentence, which was based on a subsequently nullified career offender designation, was a fundamental defect that inherently results in a miscarriage of justice. Foote, 784 F.3d at 932; also see Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018)(finding that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-*Booker*, when Sentencing Guidelines were mandatory). The Fourth Circuit explained that it declined to "declare that a fundamental defect or a complete miscarriage of justice has occurred in a situation in which [a petitioner] was (and on remand, would again be) sentenced under an advisory Guidelines scheme requiring individualized analysis of the sentencing factors set forth in 18 U.S.C. § 3553(a)." Foote, 784 F.3d at 941(emphasis in original). In the instant case, Movant was sentenced under the advisory Guidelines and her sentence (71 months) clearly did not exceed the statutory maximum (40 years). The undersigned, therefore, finds that

the alleged error in calculating Movant's advisory Guideline range does not constitute a miscarriage of justice overcoming Movant's valid appellate waiver. See Jones, 538 Fed.Appx. at 287(finding no miscarriage of justice sufficient to overcome the appellate waiver where defendant argued the district court erred in calculating his Guideline range by including his uncounseled state court conviction in his criminal history score); also see United States v. Thornsbury, 670 F.3d 532, 538-39 (4th Cir. 2012)(Errors in computing a defendant's sentence does not render a sentence "illegal" or an appellate waiver unlawful. In entering into a plea agreement containing an appellate waiver, the petitioner assumed "the risk of unforeseen legal errors involving his sentence, and in exchange, he received increased certainly regarding the length of that sentence."); Sotirion v. United States, 617 F.3d 27, 36 (1st Cir. 2010)(Recognizing that the miscarriage of justice exception is meant for only "egregious cases" and should be applied "sparingly and without undue generosity." Finding that examples of miscarriage of justice include claims where a defendant's sentence exceeded the maximum statutory penalty or violated a material term of the plea agreement – not "garden-variety" claims of error. A miscalculation of the advisory guidelines range is precisely the kind of "garden-variety" claim of error contemplated by the appellate waiver.); United States v. Andis, 333 F.3d 886, 892 (8th Cir. 2003)(finding that the miscarriage of justice exception is "extremely narrow" and noting that "an allegation that the sentencing judge misapplied the Sentencing Guidelines . . . is not subject to appeal in the face of a valid appeal waiver."); Baxter v. United States, 2018 WL 3764092, * 3 (W.D.N.C. Aug. 7, 2018)(finding that petitioner's sentence did not exceed the statutory maximum and an miscalculation of petitioner's criminal history does not give rise to a constitutional issue). The undersigned, therefore, finds that Movant waived her right to challenge the alleged error in the calculation of her advisory Guideline range. Accordingly, the undersigned respectfully recommends that the District Court determine

that Movant's above *habeas* claim is precluded by her appellate waiver.

2.  **Ineffective Assistance of Counsel:**

Next, Movant argues that counsel was ineffective in failing to object regarding her Guideline calculation. (Civil Action No. 2:19-00357, Document No. 370, p. 5 and Document No. 371, pp. 7 – 8.) Movant contends that she "was eligible for a sentence that was three months short of the statutory minimum which would have meant her sentence of incarceration would have been 57 months instead of 71 months that she received." (Id., Document No. 371, p. 7.) Movant complains that when the District Court inquired whether counsel had any objections to the Guideline calculation, counsel responded "no." (Id.) Specifically, Movant explains as follows:

> The district court actually stated that the court could impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum "if I find that defendant meets the criteria for the safety valve. I've determined she does so she's eligible for a sentence that is some three months short of the statutory minimum." The court then asked Mr. Lambert if he would like to say anything regarding the guideline calculation, to which Mr. Lambert replied, "No objection."

(Id., p. 7.) Movant claims that if counsel would have objected "at this time, [this] would have brought to the attention of the Court that Benson was entitled to a 57-sentence." (Id.) Movant concludes that by agreeing to the calculation, "the Court was not open to considering a minor role reduction." (Id.) Movant contends that counsel's failure to object "to the sentencing guideline calculation at the proper time," resulted in Movant being "sentenced to 11 months more." (Id.)

Indigent criminal defendants have the constitutional right to effective assistance of counsel through direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that her trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674

(1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1)

11

that her attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that her attorney's performance prejudiced her such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

Contrary to Movant's above argument, the record reveals that trial counsel argued in the Sentencing Memorandum and during the Sentencing Hearing that Movant should receive a minor role reduction under the Guidelines. (Criminal Action No. 2:17-00198, Document No. 254, p. 6 and Document No. 369, pp. 13 - 17.) Although the District Court considered counsel's argument for a minor role adjustment as a "late objection" to the Guideline calculation, the District Court clearly reconsidered its Guideline calculation by considering the merits of counsel's arguments for a minor role adjustment. (Id.) Specifically, the District Court stated as follows:

> I will accept your argument as a late objection to my guideline calculation, reconsider that calculation over the objection of the government, and find that your objection should be overruled. I find that this defendant was not a minor participant, that she was more than what we find in the typical mule situation where we have an addict that's running errands or transporting goods to support their habit. We have somebody who transported very large amounts of heroin knowingly doing so solely for profit, not because she was addicted. As I recall, her only addiction to drugs related to a marijuana habit. Moreover, she didn't just bring them back to the guy that sent her for him. She then gave them to another member of the conspiracy, whom she knew was then distributing them to dealers. I can tell you that my sentence would be the same whether I considered the guideline calculation or whether I consider the 3553(a) factors.

(Id., Document No. 369, pp. 16 - 17.) The foregoing further reveals that the District Court considered the merits of counsel's minor role arguments when determining whether Movant was entitled to a Guideline reduction *and* a variance in her sentence. The record, therefore, reveals that

counsel did argue that Movant was entitled to a sentencing reduction based upon her alleged minor role in the conspiracy. To the extent Movant argues that counsel was ineffective by failing to timely present arguments in favor of a minor role reduction, the record clearly reveals that Movant was not prejudiced by counsel's "late objection." Despite any "confusion" caused by counsel or counsel's "late objection," the District Court reconsidered Movant's Guideline calculation and whether she was entitled to a sentencing variance due to her alleged minor role. (Criminal Action No. 2:17-00198, Document No. 369, pp. 13 - 17.) Based upon the foregoing, the undersigned finds that Movant cannot show that there is a reasonable probability that but for counsel's alleged failure, the results of the proceeding would have been different. The undersigned, therefore, finds that Movant's above argument of ineffective assistance of counsel should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 370) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written

objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Goodwin, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: August 18, 2020.

Omar J. Aboulhosn
United States Magistrate Judge